585 N.W.2d 259 (1998)
In re the ESTATE OF Donald OHRT, Deceased.
Randall OHRT, Individually, Appellant,
v.
Linda UTHOFF and Sandra Evans, Appellees.
No. 97-531.
Supreme Court of Iowa.
October 21, 1998.
*260 Ross Hauser of Shea Law Offices, Cedar Rapids, for appellant.
Morris L. Eckhart of Milroy, Eckhart & Thompson, Vinton, for appellees.
Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.
CARTER, Justice.
Randall Ohrt, a beneficiary of a bequest of personal property (farm machinery, tools, and an automobile) under the will of Donald Ohrt, appeals from an order of the probate court requiring him to return the full value of the bequest for the benefit of creditors. The court of appeals reversed the district court's order and held that Randall was not required to reimburse the estate in any amount. Because we conclude that the debts of the estate exceed the value of other personal property by more than an amount equal to the value of the assets distributed to Randall, we disagree with the court of appeals decision. We vacate that decision and affirm the judgment of the district court.
Donald Ohrt died testate in Benton County in 1990. He is survived by two daughters, Linda Uthoff and Sandra Evans, and one son, Randall. Donald's will provided that Randall should have an option to purchase farmland owned by him, which, absent an exercise of that option, would be devised to the residuary beneficiaries, Randall, Linda, and Sandra. The will specifically bequeathed to Randall all farm machinery, tools, and an automobile, but that bequest was subject to a provision that all debts, claims, and taxes shall be paid from the personal property of the estate.[1]
*261 The parties have previously litigated a number of issues regarding the effect of Donald's will. Most of those issues are not pertinent to the present litigation. One prior ruling is pertinent, however, and that is the conclusion of this court in In re Estate of Ohrt, 516 N.W.2d 896, 900 (Iowa 1994) (Ohrt I), that Randall's distribution of personal property to himself violated the terms of the will concerning payment of debts from personal property. Pursuant to that conclusion, this court remanded the case to the district court for further proceedings that would require Randall to either reimburse the estate for the appraised value of any personal property distributed to him as might be necessary to satisfy estate debts or return sufficient property in kind for that purpose.
Following our remand in Ohrt I, the district court, relying on appraised values, values stated in federal estate tax returns, and evidence of debts owed, ordered that Randall reimburse the estate in the sum of $96,725, the appraised value of the personal property distributed to him. That order was appealed, and the court of appeals remanded the case to the district court for express findings regarding the value of the personal property in the estate and the amount of debts. In re Estate of Ohrt, 550 N.W.2d 181, 185 (Iowa App.1996) (Ohrt II).
Following the court of appeals decision in Ohrt II, the district court asked for a current accounting and, based on the information disclosed, ruled that Donald's estate contained personal property totaling $58,029.38, including a checking account, three life insurance policies, and certain equity securities. The court also determined the estate had liabilities of $366,505.03. Based on these findings and conclusions, the court reaffirmed its prior order requiring Randall to reimburse the estate in the sum of $96,725.
Randall again appealed, and the court of appeals reversed the district court's order. It concluded, based on figures taken from the federal estate tax return, that the estate contained personal property valued at $234,417.65 and debts of only $123,287.05. Using this quantification of personal property values and debts, the court held that Randall should not be required to reimburse the estate for any part of his bequest. Linda and Sandra, as residuary beneficiaries, have asked for further review of the court of appeals decision urging that the court of appeals either inadvertently or erroneously failed to consider the mortgage indebtedness to Mutual Benefit Life Insurance Company and the contract purchase indebtedness to Warren Anderson in arriving at the amount of debts that require an abatement of Randall's bequest. Other facts that are relevant to our decision will be discussed in our consideration of the legal issues presented.

I. Whether Donald Ohrt's Mortgage Indebtedness and Contract Purchase Indebtedness Should be Considered in Determining the Abatement of Randall's Bequest.
In Ohrt I this court, in discussing the debts that might require abatement of Randall's bequest stated as follows:
According to the estate's federal [estate] tax return, no federal taxes were owing and debts totaled $584,460. This amount included $6199 in funeral expenses, $68,075 in Donald's personal debts, and $511,186 in mortgages and liens on real property of the estate.

516 N.W.2d at 900 n. 2 (emphasis added). During the considerable litigation that has followed Ohrt I, no valid argument has been advanced by any party that would dispute the amount of the mortgages and liens on real property or that would offer a legal basis for not including these obligations as debts to be paid from personal property, thereby abating Randall's bequest.
Accepting the court of appeals' reliance in its most recent decision on the federal estate tax return for determining the value of personal property and the amount of debts, that return showed that at the time of his death Donald had mortgage indebtedness to Mutual Benefit Life Insurance Company in the amount of $414,765.20. He also had a land contract purchase indebtedness to Warren *262 Anderson of $96,421.04. Because we conclude that these sums are to be considered as debts, which were to be first paid from the personal property of the estate, the differences between the finding of the district court and the finding of the court of appeals concerning the other debts and concerning the value of the personal property are of no significance. When the indebtedness encumbering the land is considered, the total indebtedness would exceed the value of the remaining personal property by more than Randall's bequest irrespective of whether the findings of the court of appeals or those of the district court are utilized for the other debts and the value of the personal property. The district court was correct in ordering Randall to reimburse the estate in the amount of $96,725.

II. Whether the Statutory Rules for Abatement of Shares of Distributees Should be Applied.
Randall urges that, even if the mortgage indebtedness and contract purchase indebtedness on the land are considered as debts to be paid from personal property, his bequest should not abate before a proportional abatement is made from the shares of the residuary beneficiaries. He bases this claim on Iowa Code section 633.436, which provides for abatement of devises to residuary beneficiaries before property specifically devised or before a general bequest chargeable on specific property.
We must reject Randall's proposed application of section 633.436 in the present case because Donald's will established a different abatement scheme. Under the will, all debts are to be first paid from personal property without regard to the character of the disposition of that property under the will. Iowa Code section 633.437 provides:
When provisions of the will, trust or other testamentary instrument of the decedent provide explicitly for an order of abatement contrary to the provisions of section 633.436, the provisions of the will or other testamentary instrument shall determine the order of abatement.
Under this statute, provisions for abatement that the testator has prescribed must be given effect. In re Estate of Miguet, 185 N.W.2d 508, 515 (Iowa 1971).
III. Whether Proceeds of Sale of Real Estate or Rentals From Real Estate May Be Considered as Personal Property From Which Debts Must Be Paid.
Finally, we consider Randall's argument that the proceeds of the sale of Donald's real estate and rental income from that real estate during the pendency of the estate should be considered to be personal property from which debts must be paid. We find no merit in this contention. It was the obvious intent of Donald's will that the real estate be sheltered from the payment of debts to the extent that there was sufficient personal property in his estate to satisfy those obligations. To effectuate this intent with regard to its intended consequences on the beneficiaries, the protection afforded the real estate must also extend to the proceeds therefrom. We have considered all issues presented and conclude that, for the reasons that we have stated, the decision of the court of appeals should be vacated. The judgment of the district court is affirmed.
DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED.
NOTES
[1] The provision in the will was as follows:

All debts and claims filed against my estate and all federal estate tax and state inheritance taxes shall be paid from the personal property of my estate before any distribution of said property be made as hereinafter provided.